IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| REGINALDO ALMAZAN,<br>          Petitioner,<br>vs.<br>CHARLES L. RYAN,<br>          Respondent. | No. CIV 10-067-TUC-CKJ (CRP)<br><br>**ORDER** |

On August 15, 2011, Magistrate Judge Charles R. Pyle issued a Report and Recommendation (Doc. 17) in which he recommended denial of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). No objections have been filed within the time provided by 28 U.S.C. § 636(b)(1). After an independent review, the Court finds it is appropriate to adopt the Report and Recommendation and deny the Petition for Writ of Habeas Corpus.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is

brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)  In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong. Further, the Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right or whether the district court was correct in any procedural rulings. A COA shall not issue.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 17 is ADOPTED.

2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED.

3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

4. A Certificate of Appealability shall not issue in this case.

DATED this 15th day of December, 2011.

_____
Cindy K. Jorgenson
United States District Judge